**Harold LEWIS, individually and as the personal representative of the estate of Etone B. Lewis, Plaintiff–Appellant,**

v.

**CITY OF LOS ANGELES, City of Los Angeles Police Department, Defendants–Appellees.**

No. 99–56695.

D.C. No. CV–98–05333–CM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2001.*

Decided March 7, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**718**

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

### MEMORANDUM **

Harold Lewis appeals from the entry of summary judgment against him in his action alleging that an off-duty Los Angeles Police Department officer unreasonably shot and killed his son, Etone Lewis. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

### I

■ The Etone Lewis shooting was the subject of two separate suits, each filed by one of Etone Lewis's parents: In *L.D. Lewis v. City of Los Angeles,* district court docket number CV–98–1638, Etone Lewis's mother sued the City of Los Angeles, the Los Angeles Police Department, and the officer involved in the shooting. In *Harold Lewis v. City of Los Angeles,* district court docket number CV 98–5333, the only defendants named by Etone Lewis's father were the City of Los Angeles and the Los Angeles Police Department (the "municipal appellees"). *Harold Lewis* and *L.D. Lewis* were consolidated before the district court, but the notice of appeal only

included the *Harold Lewis* case. The officer who shot Etone Lewis was not served with this notice of appeal, and, because he was not a party to *Harold Lewis,* the officer has not filed a notice of appearance with this court. "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits in to a single cause ... or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). Therefore, the only claims before this court pertain to the liability of the *Harold Lewis* defendants—i.e. the municipal appellees.

### II

■ To impose liability on a municipality in a § 1983 action, a plaintiff must suffer a deprivation of a right, privilege or immunity protected by federal law, and he must identify a government policy or custom which caused his injury. *Board of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). A municipality may not be held liable under § 1983 simply because it employs a tortfeasor. *Id.* "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* at 404.

■ Assuming *arguendo* that Harold Lewis suffered such a cognizable injury, the district court properly granted summary judgment to the municipal appellees. In his opposition to the municipal appellees' motion for summary judgment, Harold Lewis failed to identify any government policy or program which was the moving force behind his injury. "When a motion for summary judgment is made and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The appellant failed to set forth specific facts supporting his municipal liability claim, and the allegations he presented in his statement of genuine issues were not supported by any evidence in the record. The district court properly entered summary judgment in favor of the municipal appellees.

AFFIRMED.