THE STATE EX REL. DOE ET AL. *v.* CAPPER, JUDGE.

[Cite as *State ex rel. Doe v. Capper,* 132 Ohio St.3d 365, 2012-Ohio-2686.]

*Prohibition—Writ sought by adoptive parents of a minor child to prevent juvenile court judge from proceeding in a parentage action involving the child—Judge patently and unambiguously lacks jurisdiction to proceed because the child is not a party to the action and good cause was not shown for the child's not being a party—Writ granted.*

(No. 2012-0133—Submitted April 24, 2012—Decided June 21, 2012.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an action for a writ of prohibition by relators, John and Jane Doe, the adoptive parents of a minor child, to prevent respondent, Judge Thomas J. Capper of the Clark County Court of Common Pleas, Domestic Relations Division, Juvenile Section, from proceeding in a parentage action involving the child and to direct Judge Capper to enter a finding that all orders that have been entered in that case are void. Because Judge Capper patently and unambiguously lacks jurisdiction to proceed in the parentage proceeding, since the child was not made a party to the case and good cause was not shown for not making the child a party, we grant the writ.

**Facts**

{¶ 2} In November 2009, Rachel Arnold gave birth to a child in Ohio. Arnold, who was unmarried, executed a document permanently surrendering her rights to the child, and the child was placed for adoption through a private adoption service. On May 26, 2010, relators' adoption of the child was finalized.

No putative father had registered with the Ohio Putative Father Registry at that time. Relators and the child do not reside in Ohio.

{¶ 3} On October 6, 2010, Todd S. Roccaro filed a complaint to establish paternity in the Clark County Court of Common Pleas, Domestic Relations Division, Juvenile Section. Roccaro named only Arnold—the child's biological mother—as a defendant and requested a judgment declaring him to be the child's biological father, designating him as the child's sole and residential custodial parent, and ordering child support and other relief to which he may be entitled. Roccaro did not name the child as a party to the case and did not show good cause for not doing so.

{¶ 4} In August 2011, Judge Capper denied Arnold's motion to dismiss and determined that the juvenile court had jurisdiction to determine Roccaro's paternity claim solely for the limited purpose of allowing him to exercise his statutory rights to provide information regarding his social and medical history for placement in the child's adoption records. In November 2011, Judge Capper ordered the parties to the parentage action—the alleged biological father (Roccaro) and the biological mother (Arnold)—as well as a nonparty—the minor child—to submit to genetic testing.

{¶ 5} On January 25, 2012, relators, the child's adoptive parents, filed this action for a writ of prohibition to prohibit Judge Capper from proceeding in the underlying parentage action and to direct him to enter a finding that all orders that have been entered in the case are void. After Judge Capper submitted an answer to relators' complaint, we granted an alternative writ staying the pending juvenile court proceedings, including the order for genetic testing, and ordered the parties to submit evidence and briefs, including briefing on the "issues of whether the juvenile court has subject-matter jurisdiction and in personam jurisdiction over relators and the minor child." 131 Ohio St.3d 1464, 2012-Ohio-714, 962 N.E.2d 313. The parties have submitted their evidence and briefs.

**{¶ 6}** This cause is now before the court for our consideration of Judge Capper's motion for leave to file an amended answer and on the merits.

## Legal Analysis

*Respondent's Motion for Leave to File Amended Answer*

**{¶ 7}** Judge Capper filed a motion for leave to file an amended answer, and he attached the written consent of relators' counsel to his motion. In his amended answer, which was filed after the court ordered briefing on, inter alia, the issue whether the juvenile court has in personam jurisdiction over relators and the minor child in the parentage case, Judge Capper admits that he has exercised and is about to exercise judicial power in the case when he patently and unambiguously lacks jurisdiction to do so. More specifically, the judge agrees that the juvenile court lacks in personam jurisdiction over the child:

> In the underlying case, Clark C.P. 2010-JUV-0536, the child was not named as a party, and the plaintiff in the underlying case did not show good cause why the child should not be named or attempt to amend the complaint, pursuant to R.C. 3111.07(A). Therefore, in personam jurisdiction over the child and Relators is lacking, and Respondent does not have jurisdiction to order the genetic testing or to order the filing of a social and medical history by the claimed putative father of the child, and the underlying matter must be dismissed.

**{¶ 8}** The Ohio Rules of Civil Procedure supplement the Supreme Court Rules of Practice unless they are clearly inapplicable. S.Ct.Prac.R. 10.2. Civ.R. 15(A), which governs amendments to pleadings, is not clearly inapplicable to original actions filed in this court. *See State ex rel. Essig v. Blackwell*, 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 16. "[T]he language of Civ.R. 15(A)

favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984).

{¶ 9} We find that the motion was not filed in bad faith and that granting the motion will not result in undue delay or undue prejudice to relators. The judge's motion was filed only a little over a month after his answer was filed, and relators have consented to the amendment, which concedes that they are entitled to the requested writ. For these reasons, and given the policy favoring liberal amendment of pleadings under Civ.R. 15(A), we grant Judge Capper's motion for leave to file his amended answer. *See State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 26.

*Prohibition—General Standards*

{¶ 10} In general, to be entitled to the requested writ of prohibition, relators must establish that Judge Capper is about to exercise judicial or quasi-judicial power, that the exercise of that power is unauthorized by law, and that they lack an adequate remedy in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18. Judge Capper is exercising judicial power by proceeding in the parentage action instituted by Roccaro, who claims to be the child's biological father.

{¶ 11} For the remaining requirements, if a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *See State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 22. When a court patently and unambiguously lacks jurisdiction, the availability of other remedies, such as an appeal, is immaterial. *State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 12.

4

{¶ 12} Relators claim that Judge Capper patently and unambiguously lacks both personal and subject-matter jurisdiction to proceed in the parentage action.

*Personal Jurisdiction*

{¶ 13} "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Consequently, a " 'trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party to the court proceedings.' " *MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 29, quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus.

{¶ 14} Moreover, a parentage action under R.C. 3111.04(A) brought to establish the existence of a father-and-child relationship must include the child as one of the necessary parties:

> The natural mother, each man presumed to be the father under section 3111.03 of the Revised Code, and each man alleged to be the natural father shall be made parties to the action brought pursuant to sections 3111.01 to 3111.18 of the Revised Code or, if not subject to the jurisdiction of the court, shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard. The child support enforcement agency of the county in which the action is brought also shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard. The court may align the parties. *The child shall be made a party to the action unless a*

*party shows good cause for not doing so.* Separate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother.

(Emphasis added.) R.C. 3111.07(A).

{¶ 15} A party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a judgment in the case. *See Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 99 (declaratory-judgment action). In the underlying parentage action, the alleged biological father, Roccaro, failed to name the minor child—an interested and necessary party pursuant to R.C. 3111.07(A)—as a party and failed to show good cause why the child should not be joined as a party. The child was not served with a summons, did not appear, and was not a party to the parentage action. Therefore, as Judge Capper now concedes, he patently and unambiguously lacked jurisdiction to proceed in the case by ordering that the child submit to genetic testing, and the writ of prohibition is appropriate.

*Subject-Matter Jurisdiction*

{¶ 16} Relators next claim that Judge Capper patently and unambiguously lacks jurisdiction to order the child to undergo genetic testing in the parentage case because their adoption of the child was finalized before the parentage case was filed. Judge Capper contends otherwise, relying on our decision in *State ex rel. Furnas v. Monnin*, 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573, ¶ 23 (denying a writ of prohibition sought by adoptive parents by holding that "a final decree of adoption does not patently and unambiguously divest a juvenile court of jurisdiction to determine paternity solely for the limited purpose of allowing the putative father to establish that he is the biological father so that he can exercise his statutory rights under R.C. 3107.09 and 3107.091 to provide

6

information regarding his social and medical history for placement in the child's adoption records").

{¶ 17} Because relators' personal-jurisdiction claim, which Judge Capper agrees has merit, resolves this prohibition case, we need not address relators' subject-matter-jurisdiction claim. "This result is consistent with our well-settled precedent that we will not indulge in advisory opinions." *State ex rel. Keyes v. Ohio Pub. Emps. Retirement Sys.*, 123 Ohio St.3d 29, 2009-Ohio-4052, 913 N.E.2d 972, ¶ 29.

**Conclusion**

{¶ 18} In sum, because Judge Capper patently and unambiguously lacks jurisdiction to proceed in the underlying parentage case, we grant the requested extraordinary relief in prohibition to prevent him from exercising further jurisdiction and to compel him to find void the orders that have been entered in that case, including his order of genetic testing, and to dismiss the case.

Writ granted.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

**MCGEE BROWN, J., concurring.**

{¶ 19} I concur in the judgment granting the requested extraordinary relief in prohibition but write separately to add that I believe that the court should address the second issue raised by relators and hold that Judge Capper patently and unambiguously lacked jurisdiction to order genetic testing because the claimed biological father did not timely register on the Ohio Putative Father Registry and did not timely object to relators' adoption of the minor child.

{¶ 20} In general, "R.C. 3107.15(A) provides that a final decree of adoption issued by an Ohio court has the effect of terminating all parental rights of biological parents and creating parental rights in adoptive parents." *State ex*

*rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 145, 684 N.E.2d 1228 (1997). Therefore, the final decree of adoption entered in May 2010 generally terminated the parental rights of the child's biological parents.

{¶ 21} The importance of finality in adoption proceedings cannot be overstated. Nevertheless, in *State ex rel. Furnas v. Monnin*, 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573, ¶ 23,[1] we recognized an exception to this general rule by authorizing paternity testing "solely for the limited purpose of allowing the putative father to establish that he is the biological father so that he can exercise his statutory rights under R.C. 3107.09 and 3107.091 to provide information regarding his social and medical history for placement in the child's adoption records." The applicability of this limited exception, however, was circumscribed by the facts of that case, which included an objection in the adoption proceeding before the adoption became final. *Id.* at ¶ 3 and 4.

{¶ 22} Because no comparable facts are present here, the putative father lacked standing to raise his paternity claim by not timely registering on the putative-father registry and by failing to timely object to the adoption. Therefore, I believe that the judge patently and unambiguously lacked subject-matter jurisdiction to order genetic testing in the parentage case. And given the possibility that other judges may similarly misconstrue the court's limited holding in *Furnas* by applying it to cases that do not have facts similar to those in *Furnas*, the issue is capable of repetition, yet evades review. Thus, the court should address relators' remaining jurisdictional claim and hold that it also has merit.

O'CONNOR, C.J., and LANZINGER, J., concur in the foregoing opinion.

_____

Voorhees & Levy, L.L.C., and Michael R. Voorhees, for relators.

---

1. For the reasons expressed in the dissenting opinions in *Furnas*, I am also troubled by the holding in that case. *See Furnas* at ¶ 28-41 (O'Donnell and Lanzinger, JJ., dissenting).

D. Andrew Wilson, Clark County Prosecuting Attorney, and Andrew P. Pickering, Assistant Prosecuting Attorney, for respondent.

_____