[Cite as *Weinstock v. Howard*, 2012-Ohio-5160.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ERIC E. WEINSTOCK | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-20 |
| KARAH B. HOWARD | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 2010 PA 000286 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | November 2, 2012 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| L. JACKSON HENNIGER | BRIAN J. EASTMAN |
| 150 N. Market St. | 9292 Prestwick Green Drive |
| Logan, Ohio 43138 | Columbus, Ohio 43240 |

*Hoffman, J.*

{¶1} Defendant-appellant Karah B. Howard ("Mother") appeals the December 29, 2010 Judgment Entry entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which overruled her Motion to Dismiss Complaint to Establish Paternity filed by plaintiff-appellee Eric E. Weinstock ("Father"). Mother also appeals the March 15, 2012 Agreed Judgment Entry entered by the same.

STATEMENT OF THE FACTS AND CASE

{¶2} Mother and Father are the biological parents of NJW (DOB 11/17/04). Mother and Father have never been married.

{¶3} Mother and her former husband, John P. Howard, were divorced on May 27, 2004, via Decree of Dissolution of Marriage entered by the Franklin County Court of Common Pleas, Domestic Division. Mother gave birth to NJW 174 days after the Franklin County Court of Common Pleas issued the dissolution decree. The decree did not indicate Mother was pregnant at the time of the dissolution. NJW's birth certificate does not set forth the name of the child's father. Pursuant to R.C. 3111.03(A)(1), Howard was presumed to be NJW's natural father.

{¶4} On January 12, 2005, Mother filed an action to establish paternity in the Delaware County Court of Common Pleas, Juvenile Division. Mother named Father and Howard as defendants. The Delaware juvenile court dismissed the matter, determining it did not have jurisdiction.

{¶5} Father filed a Complaint to Establish Paternity and Allocate Parental Rights and Responsibilities on August 16, 2010. Father also requested an emergency ex parte custody order which the trial court granted the same day. Mother filed a

Motion to Dismiss and a Motion to Return or Grant Temporary Custody on August 24, 2010. The trial court conducted a full hearing on the temporary custody order, which commenced on August 27, 2010, carried over into September 3, 2010, and was scheduled to conclude on January 10, 2011. Mother filed an amendment to the motion to dismiss as well as a motion for temporary restraining order on September 3, 2010.

{¶6} Via Judgment Entry filed December 29, 2010, the trial court denied Mother's request for a temporary restraining order. The trial court appointed a guardian ad litem for the child, who subsequently recommended Father be designated the legal custodian of NJW. The parties engaged in extensive negotiations and ultimately reached an agreement which they executed and submitted to the trial court. Via Agreed Judgment Entry filed March 15, 2012, the trial court adopted the parties' agreement as order of the court.

{¶7} It is from the December 29, 2010 Judgment Entry and the March 15, 2012 Agreed Judgment Entry Mother appeals, raising as error:

{¶8} "I. THE TRIAL COURT LACKED JURISDICTION TO HEAR THE CASE BECAUSE ANOTHER COURT HAD ORIGINAL JURISDICTION OVER THE MATTER.

{¶9} "II. THE TRIAL COURT LACKED JURISDICTION TO HEAR THE CASE UNDER THE PRINCIPLE OF RES JUDICATA.

{¶10} "III. THE TRIAL COURT ERRED IN ACCEPTING THE INITIAL PLEADINGS BECAUSE THE PLAINTIFF/APPELLEE FAILED TO PROVIDE AN ACKNOWLEDGE OF PATERNITY OR OTHER ADMINISTRATIVE PARENTAGE DETERMINATION."

I

{¶11} In her first assignment of error, Mother challenges the trial court's jurisdiction to hear the instant action. Within this assignment of error, Mother also takes issue with the trial court's denial of her motion to dismiss Father's Complaint as Father failed to make Howard a party to the action.

{¶12} A parentage action under R.C. 3111.04(A) brought to establish the existence of a father-and-child relationship must include as necessary parties:

"(A) The natural mother, *each man presumed to be the father under section 3111.03* of the Revised Code, and each man alleged to be the natural father *shall be made* parties to the action brought pursuant to sections 3111.01 to 3111.18 of the Revised Code or, if not subject to the jurisdiction of the court, shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard. The child support enforcement agency of the county in which the action is brought also shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard. The court may align the parties. *The child shall be made a party to the action unless a party shows good cause for not doing so.* Separate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother."

{¶13} R.C. 3111.07 (Emphasis added).

**{¶14}** The parties do not disagree, pursuant to R.C. 3111.03(A)(1), Howard is presumed to be NJW's natural father because the boy was born 174 days after the Franklin County domestic relations court issued the dissolution decree.

**{¶15}** "A party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a judgment in the case. *See Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 99 (declaratory-judgment action)." *State ex rel. Doe v. Capper,* 132 Ohio St.3d 365, 2012 -Ohio- 2686.

**{¶16}** In the instant action, Father failed to name Howard, the presumed natural father of NJW, and the minor child—interested and necessary parties pursuant to R.C. 3111.07(A)—as parties. Father also failed to show good cause why NJW should not be joined as a party. The child was not served with a summons, did not appear, and was not a party to the parentage action. Therefore, we find the trial court lacked jurisdiction to proceed in the case.

**{¶17}** Appellant's first assignment of error is sustained solely for the reason set forth herein.

## II, III

**{¶18}** In light of our disposition of Mother's first assignment of error, we find any discussion of the remaining assignments of error premature.

{¶19} The judgment of the Fairfield County Court of Common Pleas is reversed and the matter remanded to that court for further proceedings.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ERIC E. WEINSTOCK | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KARAH B. HOWARD | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12-CA-20 |


For the reason stated in our accompanying Opinion, the judgment of the Fairfield
County Court of Common Pleas is reversed and the case is remanded to that court for
further proceeding in accordance to our Opinion and the law.  Costs to Appellee.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER