THE STATE EX REL. SHUMAKER, APPELLANT, *v*. NICHOLS, JUDGE, APPELLEE.

[Cite as *State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391,

2013-Ohio-4732.]

*Prohibition—Writ sought to compel trial judge to acknowledge nonparty status—*
*Judge did not patently and unambiguously lack jurisdiction—Adequate*
*remedy at law—Appellate court's denial of relief in prohibition affirmed.*

(No. 2012-1905—Submitted April 23, 2013—Decided November 5, 2013.)

APPEAL from the Court of Appeals for Madison County, No. CA2011-10-015.

_____

**Per Curiam.**

{¶ 1} This is an appeal in an action for a writ of prohibition to prevent respondent, Judge Robert D. Nichols, from "forcing" relator-appellant, Jacob Shumaker, to be a party to a trial in a case in which two separate actions have been consolidated. Shumaker was not named as a party in the first action to be filed, in which a married couple raised allegations of fraud and other claims against Residential Finance Corporation ("RFC"), which had brokered two refinancings of their residential mortgage. That action was consolidated with a foreclosure case that was filed later against the couple. Shumaker and RFC were named as third-party defendants in the foreclosure case. The third-party allegations in the foreclosure case are similar to the claims brought in the first-filed case. After consolidation, the case was bifurcated on the basis of subject matter for trial purposes and is scheduled to go to trial only on the refinancing issues, which have been separated from the foreclosure matters. Judge Nichols denominated Shumaker as a codefendant in that trial. Shumaker filed an action in prohibition in the Twelfth District Court of Appeals to prevent being required to

be a defendant in the scheduled trial. The Court of Appeals denied the writ, and Shumaker appealed to this court.

{¶ 2}   Because Shumaker has an adequate remedy at law, and because Judge Nichols does not patently and unambiguously lack jurisdiction over the matter before him, we affirm the judgment of the court of appeals.

*Facts*

{¶ 3}   This prohibition case arises from complicated and protracted underlying litigation. Specifically, homeowners Jack and Cheryl Dixon in March 2006 filed an action in the Madison County Court of Common Pleas against RFC as the sole defendant, claiming that RFC, in brokering two refinancings of their mortgage, committed fraud and violated various statutory and other duties. Shumaker was not named as a party in the Dixons' complaint. Shortly thereafter, Bank of New York initiated a separate action in the same court by filing a complaint in foreclosure against the Dixons based on the refinanced mortgages brokered by RFC. The Dixons timely answered the foreclosure complaint and filed a counterclaim against Bank of New York and a third-party complaint against RFC and Shumaker, alleging claims similar to those raised in their previous action against RFC. The Dixons' third-party complaint also alleged that Shumaker was an employee of RFC who had made false and deceptive representations upon which the Dixons relied, causing them financial loss that led to the filing of the foreclosure action.

{¶ 4}   Judge Nichols states that he issued an entry in the foreclosure action directing all parties to show cause why the case should not be consolidated with the Dixons' earlier-filed action and also states that no party responded. Judge Nichols then consolidated the cases.

{¶ 5}   After the breakdown of settlement negotiations, Bank of New York apparently moved to bifurcate the case based on the subject matter of the claims, requesting that the Dixons' refinancing claims be tried first and that a trial on the

foreclosure aspects of the case should be delayed. The court granted the bank's motion.

{¶ 6} A few days before trial, Shumaker filed a motion seeking acknowledgement of his nonparty status for the upcoming trial. Shumaker argued that he had not been named as a party in the Dixons' refinancing case, but only in their third-party complaint in the foreclosure case.

{¶ 7} Judge Nichols denied Shumaker's motion, noting that the Dixons had claimed in the foreclosure case that Shumaker, as an agent of RFC, had engaged in the acts and omissions giving rise to the Dixons' refinancing claims. He therefore "denominated" Shumaker a codefendant of RFC in the claims to be tried.

{¶ 8} Shumaker then filed an action for a writ of prohibition in the Twelfth District Court of Appeals. That court denied the petition, finding that Judge Nichols had proper subject-matter jurisdiction over the case and that any alleged error was "at best" an error in the exercise of that jurisdiction. The court also held that Shumaker had an adequate remedy by way of appeal. Shumaker appealed the denial of the petition to this court as of right, and this cause is now before the court for our consideration of the merits.[1]

*Analysis*

{¶ 9} To be entitled to the requested writ of prohibition, Shumaker must establish that (1) Judge Nichols is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. "Where jurisdiction is patently

---

1. On April 24, 2013, this court denied Shumaker's motion for oral argument. 135 Ohio St.3d 1410, 2013-Ohio-1622, 986 N.E.2d 28.

and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 10} However, "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2. "Prohibition will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 9.

{¶ 11} Judge Nichols undoubtedly exercised judicial power by ruling on and denying Shumaker's motion for acknowledgment of his nonparty status. The question is whether he had jurisdiction to compel Shumaker to participate as a defendant in the scheduled trial.

{¶ 12} Shumaker argues that because he was named only in the Dixons' third-party complaint in the foreclosure action, he cannot be forced to defend himself in the trial of the refinancing claims brought by the Dixons against RFC. Moreover, he argues that he need not prove a lack of an adequate remedy at law because Judge Nichols "patently and unambiguously" lacked jurisdiction to denominate him a defendant.

{¶ 13} However, a court of common pleas has general jurisdiction over civil cases, including the civil claims here, and Judge Nichols does not lack general subject-matter jurisdiction over this case. Ohio Constitution, Article IV, Section 4(B).

**{¶ 14}** The cases cited by Shumaker do not indicate otherwise. Shumaker acknowledges the general rule that if a trial court has general subject-matter jurisdiction, prohibition will not lie to prevent an anticipated erroneous judgment. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 74, 701 N.E.2d 1002 (1998). However, he relies on this court's recognition of "a limited exception in cases where there appears to be a total lack of jurisdiction of the lower court to act." *Id*., citing *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 329, 285 N.E.2d 22 (1972). But in *Gusweiler*, the trial court appointed a second arbitrator for a second arbitration of a contractual dispute when no statute authorized an action of that type, *id.* at 328-329; Shumaker does not assert that Judge Nichols has acted in the absence of specific statutory authority here. Similarly, in *State ex rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644—also cited by Shumaker—the trial judge scheduled a sentencing hearing to be held before a jury when there was no statutory or constitutional basis for such a hearing. *See id.* at ¶ 15 ("Neither the Ohio Constitution nor any statute authorizes Judge Griffin to conduct a jury sentencing hearing").

**{¶ 15}** Shumaker points to no specific statute or constitutional provision that Judge Nichols patently ignored or manifestly violated in his ruling, and Judge Nichols's ruling is not comparable to the unauthorized exercises of power at issue in *Gusweiler* and *Griffin*. Rather, Shumaker argues that because he was named only in the foreclosure case, he should be a defendant only in the trial of the foreclosure issues. However, while he was not named as a party to the Dixons' initial action, he was named as a party in the third-party complaint in the foreclosure case, which asserted claims similar to those asserted in the initial case and which was later consolidated with the initial case.

**{¶ 16}** Moreover, trial courts exercise considerable discretion in naming, adding, and dropping parties in a civil case. For example, although neither Judge

Nichols nor the Twelfth District cited it, Civ.R. 20 has very permissive provisions for joining parties:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

{¶ 17} In addition, Civ.R. 21 states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The same rule also provides that "[m]isjoinder of parties is not ground for dismissal of an action."

{¶ 18} Thus, the Civil Rules indicate that Judge Nichols has the power and discretion to join a party to an action of his own initiative if he believes it is just. Because the claims in the Dixons' original lawsuit and in the third-party complaint in the foreclosure action assert rights to relief implicating both RFC and Shumaker arising out of the same mortgage transactions, Judge Nichols had the power and discretion to join Shumaker as a defendant in the trial of the Dixons' claims regarding those transactions. While Shumaker may argue on appeal that Judge Nichols abused that discretion, Judge Nichols did not lack the authority to make Shumaker a defendant in the trial of the Dixons' claims.

{¶ 19} Moreover, even if Judge Nichols did lack the authority to make Shumaker a party, he is not "patently and unambiguously" without jurisdiction. Therefore, to obtain a writ of prohibition, Shumaker would have to show that he lacks an adequate remedy at law. Shumaker's arguments that he has no adequate remedy are equally without merit.

**{¶ 20}** He argues first that he would be put to great expense and inconvenience if he is forced to go through a trial and is then vindicated on appeal. However, expense and inconvenience do not prevent an appeal from being an adequate remedy for purposes of seeking an extraordinary writ. *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp*., 61 Ohio St.3d 429, 432, 575 N.E.2d 181 (1991), citing *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983), paragraph one of the syllabus.

**{¶ 21}** Second, Shumaker argues that because he is not a party in the Dixons' case, he would have no right to appeal. But Judge Nichols has consolidated the cases and *has* made him a party in the Dixons' case. Shumaker will therefore have the ability to eventually appeal the propriety of the trial court's order.

**{¶ 22}** Nor do the dissent's assertions that Judge Nichols lacks personal jurisdiction over Shumaker have merit. The cited case, *State ex rel. Doe v. Capper,* 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, is inapposite; it involved an underlying parentage action in which the child had not been named as a party, despite a statutory requisite that the child be made a party. Here, unlike the child in *Doe*, Shumaker *was* named and served in one of the actions consolidated for trial.

**{¶ 23}** Judge Nichols bifurcated the case for trial based on the subject matter of the various claims made in the consolidated cases, not based on the original alignment of the parties in the two lawsuits. The Dixons *did* name and serve Shumaker in the suit filed against them by Bank of New York by filing a third-party complaint against Residential Finance and Shumaker that was served on Shumaker. It is the refinancing-related claims raised in that third-party complaint that give Judge Nichols personal jurisdiction over Shumaker for the upcoming trial, and it is those claims to which Shumaker is required to respond at trial.

*Conclusion*

**{¶ 24}** Shumaker cannot establish the elements for a writ of prohibition. The Twelfth District Court of Appeals did not err in denying Shumaker's petition, and we therefore affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents.

_____

**O'DONNELL, J., dissenting.**

**{¶ 25}** Respectfully, I dissent.

**{¶ 26}** This case concerns the authority of the trial court to require Jacob Shumaker to defend an action brought against his employer, Residential Finance Corporation, even though Shumaker has not been made a party to that action. Because the trial court patently and unambiguously lacks personal jurisdiction over Shumaker in that action, and because the exercise of judicial authority over him violates due process, I would reverse the judgment of the court of appeals and grant a writ of prohibition to prevent the trial court from compelling him to appear and defend, unless or until he has been properly served.

**Facts and Procedural History**

**{¶ 27}** In this case, Jack and Cheryl Dixon sued Residential Finance for fraud and for allegedly violating its statutory and fiduciary duties by arranging to refinance their mortgage with loans that the Dixons now claim they could not afford. The Dixons chose not to name Shumaker, the employee who allegedly brokered the mortgage loans, as a party to their complaint, nor did they make any allegations against him. Shortly thereafter, the Bank of New York filed a foreclosure action against the Dixons based on the refinanced mortgages that Residential Finance had brokered. The Dixons answered and counterclaimed

8

against the Bank of New York and filed a third-party complaint against Residential Finance and Shumaker, alleging claims similar to those asserted in the pending action against Residential Finance. The court consolidated these actions but then subsequently ordered the Dixons' refinancing claims to be tried prior to and separately from the foreclosure claims, in effect separating the two cases by the nature of the claims.

{¶ 28} On October 6, 2011, several days before the trial on the refinancing claims, Shumaker filed a "Motion for Acknowledgment of Jacob Shumaker's Non-Party Status for the Trial Commencing on October 17, 2011." He advised the court that he did not intend to participate in the upcoming trial, because the Dixons had alleged claims against him in only the foreclosure action, and the court had separated that action from the action against Residential Finance. Although the trial court recognized that it had separated the claims for separate trials and that Shumaker "was not a named defendant in [the] Dixons' case against Residential Finance," it overruled his motion, concluded that Shumaker had engaged in the acts and omissions that gave rise to the Dixons' claims, and denominated him as a codefendant to Residential Finance on those claims. The court further directed that "[c]ounsel should be prepared to try the within cause in three days."

{¶ 29} Shumaker then sought a writ of prohibition from the Twelfth District Court of Appeals to prevent the trial court from designating him as a codefendant in the Dixons' action against Residential Finance. The court of appeals denied the writ, holding that the trial court had subject-matter jurisdiction over the case and that Shumaker had an adequate remedy by way of an appeal.

### Personal Jurisdiction

{¶ 30} The trial court lacked personal jurisdiction over Shumaker and therefore had no authority to order him to defend the action against Residential

Finance because the Dixons had not named him in the complaint and did not cause process to be served on him in that action.

{¶ 31} As we recently explained in *State ex rel. Doe v. Capper*, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, ¶ 13:

> "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova,* 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Consequently, a " 'trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party to the court proceedings.' " *MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision,* 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 29, quoting *State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus.

{¶ 32} We have recognized that extraordinary relief through a writ of prohibition is available when a trial court patently and unambiguously lacks personal jurisdiction over a party. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 235, 638 N.E.2d 541 (1994), citing *State ex rel. Ruessman v. Flanagan*, 65 Ohio St.3d 464, 605 N.E.2d 31 (1992).

{¶ 33} Notwithstanding this precedent and the Dixons' decision not to name Shumaker in their complaint and the failure to serve him with process, the majority concludes that the trial court had the authority to make him a defendant in the action because the court consolidated it with a related but separately filed case in which the Dixons did name Shumaker as a third-party defendant. But the court separated these actions for separate trials.

**{¶ 34}** In addition, the trial court's consolidation order did not make Shumaker a party to the Dixons' complaint against Residential Finance. As the United States Supreme Court explained in *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." This is an instructive holding applicable to this case.

**{¶ 35}** Courts recognize that consolidation does not make parties in one case parties in the consolidated case. *New Mexico ex rel. Richardson v. Bur. of Land Mgt.*, 565 F.3d 683, 695 (10th Cir.2009), fn. 12 (noting "the well-established rule that consolidation is but a procedural tool and does not merge two cases such that parties to one case become parties to the other"); *First Natl. Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir.2002), quoting *Johnson* at 496-497 ("Despite the consolidation of the two actions in the present case, * * * the actions did 'not merge * * * into a single cause' "); *Lewis v. Los Angeles*, 5 Fed.Appx. 717, 718 (9th Cir.2001) (notice of appeal in one case does not bring party in a consolidated case before appellate court); *Karenina by Vronsky v. Presley*, 526 So.2d 518, 525 (Miss.1988) ("Consolidated cases never lose their identity as separate and distinct cases"); *Connecticut Indemn. Co. v. Prunty*, 263 Wis. 27, 30, 56 N.W.2d 540 (1953) ("Consolidation of cases for trial does not operate to make each and every party in one case a party in each of the consolidated cases"); 9A Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice and Procedure*, Section 2382 (3d Ed.2013) ("actions do not lose their separate identity because of consolidation under [Fed.R.Civ.P.] 42(a)(2)").

**{¶ 36}** And although Civ.R. 21 authorizes a court "on motion of any party or of its own initiative" to join parties not named in the complaint, "joinder in a particular case must comport with the strictures of due process." *Perry v. Blum*,

629 F.3d 1, 16 (1st Cir.2010); *accord Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir.1973) ("joinder must be accomplished with the requirements of due process in mind"). And at a minimum, "due process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections." *Galt Alloys, Inc. v. KeyBank Natl. Assn.*, 85 Ohio St.3d 353, 357, 708 N.E.2d 701 (1999), citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798-800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

**{¶ 37}** For these reasons, even if a trial court orders joinder of a party pursuant to Civ.R. 21, the plaintiff is still required to name that party in a complaint pursuant to Civ.R. 3 and provide service of process pursuant to Civ.R. 4. *See Landers Seed Co., Inc. v. Champaign Natl. Bank*, 15 F.3d 729, 732 (7th Cir.1994) ("Since Landers failed to serve the justices with summonses and complaints as required by Federal Rule of Civil Procedure 21, the justices were not made parties to this suit"); *Consol. Ag of Curry, Inc. v. Rangen, Inc.*, 128 Idaho 228, 231, 912 P.2d 115 (1996) ("The party to be joined [pursuant to Idaho R.Civ.P. 21] must be served with a summons and a complaint and be given an opportunity to respond and defend itself"); 7 Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice and Procedure*, at Section 1688 ("If permission to add a party defendant is granted, plaintiff must comply with the requirements of [Fed.R.Civ.P.] 3 and 4 relating to the issuance of a summons and service on the added party").

**{¶ 38}** And as the Supreme Court explained in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure

stating the time within which the party served must appear and defend." The filing of the complaint commences the action, and absent a waiver of service, "the summons * * * function[s] as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

{¶ 39} Accordingly, although a trial court may permit a party not named in the complaint to be added to the action pursuant to Civ.R. 21, it lacks personal jurisdiction over the party to be joined unless and until the plaintiff amends the complaint and provides service of process. *See State ex rel. Doe*, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, at ¶ 13 (trial court is without jurisdiction to render judgment against person who was not served summons, did not appear, and was not made a party to the proceedings); *see also Murphy Bros.* at 356 (one is not "subject to any court's authority" before service of a summons); *Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); *Sarne v. Fiesta Motel*, 79 F.R.D. 567, 570 (E.D.Pa.1978) ("The party to be added must be properly brought before the court or no judgment can be entered or enforced. The requirements of due process must be met"); *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 222, 646 P.2d 988 (1982), fn. 7 ("Without service of process, the court in fact has no jurisdiction over the purportedly joined party").

{¶ 40} Here, the Dixons chose not to commence an action against Shumaker when they filed their complaint against his employer, Residential Finance, and they have not amended that complaint to name him as a party in that action. That is their choice. As the Supreme Court observed in *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005): " 'In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of]

necessary parties.' " *Id.* at 91, quoting 16 J. Moore et al., *Moore's Federal Practice*, Section 107.14[2][c], 107-67 (3d Ed.2005). And until the Dixons name Shumaker in the complaint and serve him with process, he is not a party to the action they brought against Residential Finance and the trial court patently and unambiguously lacks jurisdiction to compel him to defend it.

### Conclusion

{¶ 41} Shumaker has been compelled by court order to defend an action on three days' notice in which he has not been named as a party and in which no allegations have been made against him. He has not received service in that action, and he has not voluntarily appeared, other than to clarify that he is not a party to it. In my view, the trial court patently and unambiguously lacks jurisdiction to allow the action to proceed against him. I would therefore reverse the judgment of the appellate court and grant a writ of prohibition in these circumstances.

{¶ 42} Accordingly, I respectfully dissent.

_____

Stein, Chapin & Associates, L.L.C., and Beth J. Nacht, for appellant.

Stephen J. Pronai, Madison County Prosecuting Attorney, for appellee.

_____