O’Donnell, J.,
dissenting.
{¶ 25} Respectfully, I dissent.
{¶ 26} This case concerns the authority of the trial court to require Jacob Shumaker to defend an action brought against his employer, Residential Finance Corporation, even though Shumaker has not been made a party to that action. Because the trial court patently and unambiguously lacks personal jurisdiction over Shumaker in that action, and because the exercise of judicial authority over him violates due process, I would reverse the judgment of the court of appeals and grant a writ of prohibition to prevent the trial court from compelling him to appear and defend, unless or until he has been properly served.
Facts and Procedural History
{¶ 27} In this case, Jack and Cheryl Dixon sued Residential Finance for fraud and for allegedly violating its statutory and fiduciary duties by arranging to refinance their mortgage with loans that the Dixons now claim they could not afford. The Dixons chose not to name Shumaker, the employee who allegedly brokered the mortgage loans, as a party to their complaint, nor did they make any allegations against him. Shortly thereafter, the Bank of New York filed a foreclosure action against the Dixons based on the refinanced mortgages that Residential Finance had brokered. The Dixons answered and counterclaimed against the Bank of New York and filed a third-party complaint against Residential Finance and Shumaker, alleging claims similar to those asserted in the pending action against Residential Finance. The court consolidated these actions but then subsequently ordered the Dixons’ refinancing claims to be tried prior to and separately from the foreclosure claims, in effect separating the two cases by the nature of the claims.
{¶ 28} On October 6, 2011, several days before the trial on the refinancing claims, Shumaker filed a “Motion for Acknowledgment of Jacob Shumaker’s Non-Party Status for the Trial Commencing on October 17, 2011.” He advised the court that he did not intend to participate in the upcoming trial, because the Dixons had alleged claims against him in only the foreclosure action, and the court had separated that action from the action against Residential Finance. Although the trial court recognized that it had separated the claims for separate trials and that Shumaker “was not a named defendant in [the] Dixons’ case against Residential Finance,” it overruled his motion, concluded that Shumaker had engaged in the acts and omissions that gave rise to the Dixons’ claims, and *397 denominated him as a codefendant to Residential Finance on those claims. The court further directed that “[cjounsel should be prepared to try the within cause in three days.”
{¶ 29} Shumaker then sought a writ of prohibition from the Twelfth District Court of Appeals to prevent the trial court from designating him as a codefendant in the Dixons’ action against Residential Finance. The court of appeals denied the writ, holding that the trial court had subject-matter jurisdiction over the case and that Shumaker had an adequate remedy by way of an appeal.
Personal Jurisdiction
{¶ 30} The trial court lacked personal jurisdiction over Shumaker and therefore had no authority to order him to defend the action against Residential Finance because the Dixons had not named him in the complaint and did not cause process to be served on him in that action.
{¶ 31} As we recently explained in State ex rel. Doe v. Capper, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, ¶ 13:
“It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant.” Maryhew v. Yova, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Consequently, a “ ‘trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party to the court proceedings.’ ” MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 29, quoting State ex rel. Ballard v. O’Donnell, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus.
{¶ 32} We have recognized that extraordinary relief through a writ of prohibition is available when a trial court patently and unambiguously lacks personal jurisdiction over a party. Goldstein v. Christiansen, 70 Ohio St.3d 232, 235, 638 N.E.2d 541 (1994), citing State ex rel. Ruessman v. Flanagan, 65 Ohio St.3d 464, 605 N.E.2d 31 (1992).
{¶ 33} Notwithstanding this precedent and the Dixons’ decision not to name Shumaker in their complaint and the failure to serve him with process, the majority concludes that the trial court had the authority to make him a defendant in the action because the court consolidated it with a related but separately filed case in which the Dixons did name Shumaker as a third-party defendant. But the court separated these actions for separate trials.
{¶ 34} In addition, the trial court’s consolidation order did not make Shumaker a party to the Dixons’ complaint against Residential Finance. As the United *398 States Supreme Court explained in Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), “consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.” This is an instructive holding applicable to this case.
(¶ 35} Courts recognize that consolidation does not make parties in one case parties in the consolidated case. New Mexico ex rel. Richardson v. Bur. of Land Mgt., 565 F.3d 683, 695 (10th Cir.2009), fn. 12 (noting “the well-established rule that consolidation is but a procedural tool and does not merge two cases such that parties to one case become parties to the other”); First Natl. Bank of Pulaski v. Curry, 301 F.3d 456, 467 (6th Cir.2002), quoting Johnson at 496-497 (“Despite the consolidation of the two actions in the present case, * * * the actions did ‘not merge * * * into a single cause’ ”); Lewis v. Los Angeles, 5 Fed.Appx. 717, 718 (9th Cir.2001) (notice of appeal in one case does not bring party in a consolidated case before appellate court); Karenina by Vronsky v. Presley, 526 So.2d 518, 525 (Miss.1988) (“Consolidated cases never lose their identity as separate and distinct cases”); Connecticut Indemn. Co. v. Prunty, 263 Wis. 27, 30, 56 N.W.2d 540 (1953) (“Consolidation of cases for trial does not operate to make each and every party in one case a party in each of the consolidated cases”); 9A Wright, Miller, Kane, Marcus, & Steinman, Federal Practice and Procedure, Section 2382 (3d Ed.2013) (“actions do not lose their separate identity because of consolidation under [Fed.R.Civ.P.] 42(a)(2)”).
{¶ 36} And although Civ.R. 21 authorizes a court “on motion of any party or of its own initiative” to join parties not named in the complaint, “joinder in a particular case must comport with the strictures of due process.” Perry v. Blum, 629 F.3d 1, 16 (1st Cir.2010); accord Moore v. Knowles, 482 F.2d 1069, 1075 (5th Cir.1973) (“joinder must be accomplished with the requirements of due process in mind”). And at a minimum, “due process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections.” Galt Alloys, Inc. v. KeyBank Natl. Assn., 85 Ohio St.3d 353, 357, 708 N.E.2d 701 (1999), citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798-800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
{¶ 37} For these reasons, even if a trial court orders joinder of a party pursuant to Civ.R. 21, the plaintiff is still required to name that party in a complaint pursuant to Civ.R. 3 and provide service of process pursuant to Civ.R. 4. See Landers Seed Co., Inc. v. Champaign Natl. Bank, 15 F.3d 729, 732 (7th *399 Cir.1994) (“Since Landers failed to serve the justices with summonses and complaints as required by Federal Rule of Civil Procedure 21, the justices were not made parties to this suit”); Consol. Ag of Curry, Inc. v. Rangen, Inc., 128 Idaho 228, 231, 912 P.2d 115 (1996) (“The party to be joined [pursuant to Idaho R.Civ.P. 21] must be served with a summons and a complaint and be given an opportunity to respond and defend itself’); 7 Wright, Miller, Kane, Marcus, & Steinman, Federal Practice and Procedure, at Section 1688 (“If permission to add a party defendant is granted, plaintiff must comply with the requirements of [Fed.R.Civ.P.] 3 and 4 relating to the issuance of a summons and service on the added party”).
{¶ 38} And as the Supreme Court explained in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), “one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.” The filing of the complaint commences the action, and absent a waiver of service, “the summons * * * functions] as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.” Id. at 351.
{¶ 39} Accordingly, although a trial court may permit a party not named in the complaint to be added to the action pursuant to Civ.R. 21, it lacks personal jurisdiction over the party to be joined unless and until the plaintiff amends the complaint and provides service of process. See State ex rel. Doe, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, at ¶ 13 (trial court is without jurisdiction to render judgment against person who was not served summons, did not appear, and was not made a party to the proceedings); see also Murphy Bros. at 356 (one is not “subject to any court’s authority” before service of a summons); Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) (“Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied”); Sarne v. Fiesta Motel, 79 F.R.D. 567, 570 (E.D.Pa.1978) (“The party to be added must be properly brought before the court or no judgment can be entered or enforced. The requirements of due process must be met”); Pope v. Intermountain Gas Co., 103 Idaho 217, 222, 646 P.2d 988 (1982), fn. 7 (“Without service of process, the court in fact has no jurisdiction over the purportedly joined party”).
{¶40} Here, the Dixons chose not to commence an action against Shumaker when they filed their complaint against his employer, Residential Finance, and they have not amended that complaint to name him as a party in that action. That is their choice. As the Supreme Court observed in Lincoln Property Co. v. *400 Roche, 546 U.S. 81, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005): “ ‘In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.’ ” Id. at 91, quoting 16 J. Moore et al., Moore’s Federal Practice, Section 107.14[2][c], 107-67 (3d Ed.2005). And until the Dixons name Shumaker in the complaint and serve him with process, he is not a party to the action they brought against Residential Finance and the trial court patently and unambiguously lacks jurisdiction to compel him to defend it.
Stein, Chapin & Associates, L.L.C., and Beth J. Nacht, for appellant.
Stephen J. Pronai, Madison County Prosecuting Attorney, for appellee.
Conclusion
{¶ 41} Shumaker has been compelled by court order to defend an action on three days’ notice in which he has not been named as a party and in which no allegations have been made against him. He has not received service in that action, and he has not voluntarily appeared, other than to clarify that he is not a party to it. .In my view, the trial court patently and unambiguously lacks jurisdiction to allow the action to proceed against him. I would therefore reverse the judgment of the appellate court and grant a writ of prohibition in these circumstances.
{¶ 42} Accordingly, I respectfully dissent.