912 P.2d 115

**CONSOLIDATED AG OF CURRY, INC., Plaintiff–Respondent,**

v.

**RANGEN, INC. and Intermountain Farmers Association, Inc., a Utah corporation, Defendants–Appellants.**

No. 21640.

Supreme Court of Idaho,
Twin Falls, November 1995 Term.

March 4, 1996.

Tolman Law Offices, Twin Falls, for appellant Intermountain Farmers Ass'n, Inc. Steven K. Tolman argued.

Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry, Twin Falls, for appellant Rangen, Inc.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for respondent. J. Walter Sinclair argued.

JOHNSON, Justice.

This is a commercial lease case. We conclude that because there was no abandonment by the lessee, the lessor had no obligation to mitigate damages. We also conclude that the trial court properly allowed amendment of the complaint to add a party defendant after trial but that the trial court should not have dismissed as premature a claim for waste.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Consolidated Ag of Curry (Consolidated) leased a storage facility to Rangen, Inc. (Rangen) for a term of five years, 1989 to 1994. Rangen paid the monthly rent of $3,000 until January 1992. Rangen entered an agreement with Intermountain Farmers Association, Inc. (IFA) through which IFA bought Rangen's fertilizer division, and Rangen assigned its lease (the lease) with Consolidated to IFA. Consolidated was not informed about the assignment and was not asked to consent to it. IFA paid rent from February through May 1992. IFA then told Consolidated that it refused to pay rent because of certain environmental and security concerns.

In April 1993, Consolidated filed suit against Rangen for the rent due under the lease. Rangen brought a third-party action against IFA requesting that IFA pay all damages awarded to Consolidated. At trial, neither Rangen nor IFA argued that IFA's behavior was not a breach. Instead, each argued that Consolidated had failed to mitigate damages. In its memorandum decision after trial, the trial court stated that Consolidated had no duty to mitigate damages because "IFA never abandoned, vacated, or surrendered the premises." In its findings of fact and conclusions of law, the trial court stated that the lease "was never terminated, either by agreement of the parties, express or implied, or by operation of law." The trial court concluded that Consolidated "did not fail to mitigate its damages."

At the end of the trial, based on Rangen's motion and IFA's lack of objection, the trial court dismissed IFA as a third-party defendant. Consolidated immediately moved to amend its complaint to make IFA a defendant in its suit against Rangen. The trial court granted this motion.

During the trial, the trial court allowed Consolidated to introduce evidence of waste caused by Rangen. After trial, the trial court ruled that this issue was premature because the lease was still in effect, and IFA was still in possession.

The trial court awarded Consolidated judgment against Rangen and IFA, jointly and severally, for $75,000 in delinquent lease payments, prejudgment interest, plus costs and attorney fees.

Rangen and IFA appealed.

## II.

### CONSOLIDATED DID NOT HAVE A DUTY TO MITIGATE DAMAGES.

Rangen and IFA assert that the trial court should have ruled that Consolidated had a duty to mitigate damages and did not do so. We disagree.

Abandonment is one means of terminating a lease. Abandonment is an intent to " 'leave, quit, renounce, resign, surrender, relinquish, vacate, ... [or] discard,.... Abandon denotes the absolute giving up of an

object, often with the further implication of its surrender to the mercy of something or someone else.'" *Carrington v. Crandall,* 65 Idaho 525, 532, 147 P.2d 1009, 1012 (1944) (quoting Webster's New International Dictionary (1941)). This Court has stated that when a tenant repudiates a lease and abandons the premises, the landlord *"may* take possession of the premises, [and] relet them.... [D]amages will be the difference between the amount secured on the reletting and the amount provided for in the original lease." *De Winer v. Nelson,* 54 Idaho 560, 567–68, 33 P.2d 356, 359 (1934) (emphasis added).

In *Industrial Leasing Corp. v. Thomason,* the Court dealt with the duty to mitigate damages where the lessee of personal property decides not to continue leasing equipment and returns it to the dealer who had arranged the lease. 96 Idaho 574, 532 P.2d 916 (1974). In *Industrial,* the lessor did not retake possession of the equipment or lease it to another lessee. *Id.* at 576, 532 P.2d at 918. This Court concluded that the "best rule" was to require mitigation because it

> would discourage idleness of productive property and would be in keeping with the other generally accepted damages rules in other commercial law transactions. E.g., in the rental of real property, most jurisdictions place a duty upon a landlord to seek new tenants when the lessees have refused to pay rent as provided for in the lease agreement and have vacated the property. *Martin v. Siegley,* 123 Wash. 683, 212 P. 1057 (1923); *Wright v. Baumann,* 239 Or. 410, 398 P.2d 119 (1965).

*Id.* at 577, 532 P.2d at 919. In both of the cases cited by the Court in *Industrial* to support this statement, abandonment was the basis for the duty to mitigate. *See, Martin,* 212 P. at 1058; *Wright,* 398 P.2d at 121.

■ We conclude that it is consistent with the jurisprudence of this state as reflected in *Industrial* to require a lessor of real property to mitigate damages if the lessee has refused to pay rent and has abandoned the property.

We construe the combined effect of the trial court's memorandum decision after trial and its findings of fact and conclusions of

law to constitute a finding that Rangen and IFA did not abandon the leased premises. There is substantial and competent evidence to support this finding, and it is not clearly erroneous. I.R.C.P. 52(a). The trial court correctly concluded that because there was no abandonment, Consolidated had no duty to mitigate damages.

## III.

### THE TRIAL COURT INCORRECTLY DISMISSED THE WASTE CLAIM.

■ Rangen and IFA assert that the trial court should not have dismissed Consolidated's waste claim as premature. We agree.

■ "'[W]aste is the permanent or lasting injury to the estate by one who has not an absolute or unqualified title thereto.'" *Dahlquist v. Mattson,* 40 Idaho 378, 389, 233 P. 883, 886 (1925) (quoting *Price v. Ward,* 25 Nev. 203, 58 P. 849 (1899)). I.C. § 6–201 (1990) authorizes an action for waste. In *Olson v. Bedke,* 97 Idaho 825, 831, 555 P.2d 156, 162 (1976), the Court ruled that a lessee may be sued for an injunction and for damages pursuant to I.C. § 6–201 based on waste occurring during a lease.

In its complaint, Consolidated claimed that personal property was missing from the leased premises and that it had other expenses to be proven at trial. Consolidated was trying to recover for the waste that had occurred up to the time of trial. These claims were not premature because the facts giving rise to them had already occurred. *Cf. Bell Rapids Mut. Irrigation Co. v. Hausner,* 126 Idaho 752, 754, 890 P.2d 338, 340 (1995) (holding that facts that have not occurred before a trial are not ripe for adjudication). Any claim for waste that occurred after the trial would be premature, but this was not the claim the trial court dismissed.

## IV.

### THE TRIAL COURT PROPERLY ALLOWED CONSOLIDATED TO ADD IFA AS A DEFENDANT AFTER THE TRIAL.

■ IFA asserts that the trial court should not have allowed Consolidated to

amend its complaint to add IFA as a defendant after trial. We disagree, but point out that the correct authority for this action is I.R.C.P. 21.

At the conclusion of the trial, after the trial court granted Rangen's motion to dismiss its third-party complaint against IFA, the trial court granted Consolidated's motion to amend its complaint to add IFA as a defendant. The trial court based this action on I.R.C.P. 14(a) and I.R.C.P. 15(b).

■ I.R.C.P. 14(a) allows a plaintiff to bring claims against a party against whom a defendant has brought a third-party claim. I.R.C.P. 15(b) states that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The trial court concluded that "the issues that would allow plaintiff to recover against IFA directly were tried by 'implied consent' of IFA prior to the dismissal of IFA by Rangen." We conclude that I.R.C.P. 15(b) does not allow the amendment the trial court granted. This rule does not allow the addition of a party after trial, but only allows the consideration of issues tried by consent of the parties.

■ There is another rule, however, that applies to the addition of IFA as a defendant in the case between Consolidated and Rangen. According to I.R.C.P. 21, parties may be added "by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." This Court has stated that to have just terms, the joinder cannot violate a party's due process. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 221 n. 7, 646 P.2d 988, 992 n. 7 (1982). The party to be joined must be served with a summons and a complaint and be given an opportunity to respond and defend itself. *Id.*

■ Although neither Consolidated nor the trial court invoked I.R.C.P. 21, nor did Consolidated refer to this rule on appeal, we uphold the addition of IFA pursuant to this rule. To uphold a ruling of the trial court, this Court may review theories of the case that parties not only fail to raise before the trial court, but also fail to raise on appeal.

*J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n,* 120 Idaho 849, 855 n. 3, 820 P.2d 1206, 1212 n. 3 (1991).

In *Pope,* this Court indicated that four requirements must be met to satisfy due process and to insure that the terms of a joinder under I.R.C.P. 21 are just. The party to be joined must be (1) served with a summons, (2) served with a complaint, (3) given an opportunity to respond, and (4) given an opportunity to defend itself. 103 Idaho at 221 n. 7, 646 P.2d at 992 n. 7. In this case, IFA received a summons from Rangen, not Consolidated. IFA also received a complaint, again from Rangen, not Consolidated. Rangen, however, included Consolidated's complaint as part of its third-party complaint against IFA. IFA had a chance to respond to Rangen's complaint. IFA was present at trial and had a chance to defend itself. We conclude that these circumstances meet the requirements set out in *Pope* and I.R.C.P. 21.

## V.

## CONCLUSION

We affirm the trial court's judgment. We vacate the trial court's dismissal of Consolidated's waste claim and remand that claim to the trial court for further consideration based on the existing record.

We award Consolidated costs on appeal. We also award Consolidated attorney fees on appeal, pursuant to the lease, excluding any attorney fees related to appeal concerning the dismissal of the waste claim.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.