# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40619

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Boise, January 2014 Term |
| | ) | |
| Plaintiff-Respondent, | ) | 2014 Opinion No. 131 |
| | ) | |
| v. | ) | Filed: December 9, 2014 |
| | ) | |
| NATHAN WADE HERREN, | ) | Stephen Kenyon, Clerk |
| | ) | |
| Defendant-Appellant. | ) | SUBSTITUTE OPINION, THE |
| | ) | COURT'S PRIOR OPINION |
| | ) | DATED SEPTEMBER 26, 2014 |
| | ) | IS HEREBY WITHDRAWN. |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Kathryn A. Sticklen, Senior Judge. Hon. Kevin Swain and Hon. Theresa Gardunia, Magistrate Judges.

The order of the district court affirming the magistrate court's judgment of conviction for violation of a no contact order is <u>reversed</u>. The order of the district court affirming the magistrate court's order revoking Herren's withheld judgment is <u>affirmed.</u>

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

HORTON, Justice.

This appeal comes before this Court upon review of a decision from the Court of Appeals. In the magistrate division, Nathan Herren was found guilty of violating a no contact order and violating the terms of probation imposed in an earlier case. The district court affirmed. The Court of Appeals reversed the district court and we granted the State's petition for review. We affirm the district court's decision in part and reverse in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a disagreement between Herren and Kip McDermott who were neighbors in Eagle Springs Estates. In October 2007, Herren cut down a portion of McDermott's

1

fence and pleaded guilty to misdemeanor malicious injury to property. The magistrate court entered a withheld judgment and a no contact order in July 2008, which stated "[i]t is hereby ordered that [Herren] shall not contact (including: in person or through another person, or in writing or e-mail, or by telephone, pager, or facsimile) or attempt to contact, harass, follow, communicate with, or knowingly remain within 100 feet of: Kip McDermott."

On January 20, 2009, despite knowing that McDermott would likely be present, Herren attended an Eagle Springs Estates Homeowner's Association meeting at the library of Shadow Hills Elementary School. Herren arrived prior to McDermott and sat in the middle of the room. Once McDermott arrived, Herren moved from his seat in the middle of the room to the back of the room, but did not leave the meeting. McDermott contacted law enforcement because of Herren's continued presence at the meeting. Herren was arrested and charged with the crime of violation of a no contact order under Idaho Code section 18-920. The two men dispute whether Herren made eye contact with McDermott at the meeting.

The case was tried before the magistrate court without a jury. The arresting officer testified that the room was seventy-five feet long. Herren testified that he decided to stay at the meeting because he believed the room was more than 100 feet long. However, Herren admitted that he returned to the library at a later date, measured the room, and found the room was eighty-one feet long on the diagonal. The magistrate court found Herren guilty of violating the no contact order because he knowingly remained within 100 feet of McDermott.

The State filed a motion alleging that Herren had violated the terms of probation in Herren's earlier malicious injury to property case. The State's motion was based upon its allegation that Herren had committed a new crime in violation of the terms of his withheld judgment. After being found guilty of the violation of a no contact order, Herren admitted to violating his probation. As a consequence, the magistrate court revoked Herren's withheld judgment and entered a judgment of conviction for misdemeanor malicious injury to property.

Herren timely appealed both his judgment of conviction for violating the no contact order and the revocation of his withheld judgment for the malicious injury to property charge. The appeals were consolidated. Before the district court, Herren argued the crime of violation of a no contact order cannot be committed when there is no actual contact between the protected person and the person subject to the no contact order and thus, there was not substantial evidence to support his conviction. The district court rejected Herren's argument and determined that there

was substantial evidence to support the magistrate court's determination that Herren was guilty of violating the terms of the no contact order by willfully remaining within 100 feet of McDermott. The district court affirmed Herren's judgment of conviction and the finding that he had violated the terms of his probation.

Herren appealed and the Court of Appeals, in a split decision, reversed. Following the Court of Appeals' decision, the State petitioned this Court for review, which this Court granted.

## II. STANDARD OF REVIEW

> "In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007). "On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *In re Doe*, 147 Idaho 243, 248, 207 P.3d 974, 979 (2009) . . . . If the magistrate court's findings of fact are supported by substantial and competent evidence and the conclusions of law follow from the findings of fact, and if the district court affirmed the magistrate's decision, we will affirm the district court's decision. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008).

*Hausladen v. Knoche*, 149 Idaho 449, 451–52, 235 P.3d 399, 401–02 (2010). The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Anderson*, 145 Idaho 99, 103, 175 P.3d 788, 792 (2008).

## III. ANALYSIS

**A. There is not substantial and competent evidence to support a conviction under Idaho Code section 18-920(2) as there is no evidence Herren contacted McDermott in violation of the no contact order.**

Idaho Code section 18-920 gives a court authority to issue "an order forbidding contact with another person." I.C. § 18-920(1). Under Idaho Code section 18-920(2):

> (2) A violation of a no contact order is committed when:
> . . . .
> (b) A no contact order has been issued, either by a court or by an Idaho criminal rule; and
> (c) The person charged or convicted has had *contact with the stated person in violation of an order*.

I.C. § 18-920(2).

The district court concluded that by knowingly remaining within 100 feet of McDermott in violation of the no contact order, Herren was guilty of the crime of violation of a no contact order. The State agrees, and argues the language "contact . . . in violation of an order," from

Idaho Code section 18-920(2)(c) indicates that "contact" is that conduct forbidden by the order. To support this proposition, the State directs us to I.C.R. 46.2, which it argues illustrates that Idaho Code section 18-920 creates a crime for any violation of a no contact order as the no contact order defines the prohibited contact. Idaho Criminal Rule 46.2 is a procedural rule that sets forth the minimum requirements for a valid no contact order. Idaho Criminal Rule 46.2 provides that a no contact order must contain "[a] distance restriction" and an advisory that "[a] violation of the order may be prosecuted as a separate crime under I.C. § 18-920." I.C.R. 46.2(a)(2), (a)(4)(a). The State argues that since distance restrictions are explicitly contemplated as being part of a no contact order, and the rule explicitly indicates that any violation of the order itself is a separate crime, that "contact" in violation of the order is defined by the no contact order.

Herren responds that it is the job of the legislature, not the courts, to define what constitutes a crime, thus, "contact" must be given its ordinary meaning of physically touching or communicating. Thus, Herren contends that not all violations of a no contact order constitute a new crime under Idaho Code section 18-920(2). Rather, he argues that a violation of Idaho Code section 18-920(2) only occurs when there is "contact" as that term is generally understood.

We need not resolve the parties' dispute as to this fundamental question.[1] This is because the act of remaining within 100 feet is not "contact" as defined by the order. The order states that "defendant shall not *contact* (including: in person or through another person, or in writing or e-mail, or by telephone, pager, or facsimile) *or* attempt to contact . . . *or* knowingly remain within 100 feet" of the protected person. The word "or" is disjunctive, meaning that it is a conjunction used to introduce an alternative. Thus, the order unmistakably conveys that the meaning of "contact" and "knowingly remain" are distinct from one another. *See In re Snook*, 94 Idaho 904, 906, 499 P.2d 1260, 1262 (1972); *Filer Mut. Tel. Co. v. Idaho State Tax Comm'n*, 76 Idaho 256,

---

[1] We invite the Legislature to resolve this dispute. If we were to accept the State's interpretation of Idaho Code section 18-920, we would be holding that a judge issuing a no contact order has the power to define conduct by a particular individual which would constitute a crime other than contempt. Here, the magistrate court determined that Herren's crime was committed by knowingly remaining within 100 feet of the protected person. A different protection order might prohibit knowingly coming (as opposed to "remaining") within 300 feet of the protected person, or 600 feet, or whatever the court deemed appropriate in that particular case. We express doubt that the Legislature intended to delegate the power to promulgate criminal laws to individual judges as courts do not have the power to define crimes. *See Mead v. Arnell*, 117 Idaho 660, 664, 791 P.2d 410, 414 (1990) ("[O]f Idaho's three branches of government, only the legislature has the power to make 'law.' "); *Malloroy v. State*, 91 Idaho 914, 435 P.2d 254 (1967) ("It is uniformly held that the power to define crime and fix punishment therefor rests with the legislature . . . .").

4

261, 281 P.2d 478, 481 (1955). The State's argument that all prohibited conduct in the no contact order qualifies as "contact" is impossible to accept as the order itself distinguishes "knowingly remaining" from "contact." The magistrate court's decision was solely predicated upon Herren's knowingly remaining within 100 feet of McDermott. At the conclusion of the trial, the judge stated:

> In this case, Mr. Herren, as I said before, you were acutely aware of the 100 feet restriction. To the extent that you went and counted the ceiling tiles in the library to try to make a determination of whether or not you were within that 100 feet -- and I have to tell you, Mr. Herren, I simply don't find that testimony credible, that you determined that you were not within the 100 feet. I think that once you got to the meeting and you saw that Mr. McDermott was there, that you -- you just didn't want to leave, that you felt compelled for whatever reason to stay and that you were not going to leave even if you were violating that 100-feet restriction.
>
> I just don't believe your testimony that you counted three-foot tiles in the ceiling for the length of the library and you came up with a determination that it was less than 100 feet. I don't find that that's credible.
>
> Based on that, Mr. Herren, I do find that the State has provided the Court with proof beyond a reasonable doubt that you violated the no-contact order and that you knowingly remained within 100 feet of Mr. McDermott in violation of the no-contact order.
>
> Based on that evidence, I'm going to find that you are guilty of violation of a no-contact order.

Although Herren violated the terms of the no-contact order by remaining within 100 feet of McDermott, this was not "contact with the stated person in violation of an order" in violation of Idaho Code section 18-920(2). Therefore, we reverse the order of the district court affirming the judgment of conviction for violation of a no contact order.

**B. Substantial and competent evidence exists to support the finding that Herren violated his probation warranting revocation of the magistrate court's withheld judgment.**

The district court affirmed the order of the magistrate court revoking Herren's withheld judgment for misdemeanor malicious injury to property. Herren argues that because there is insufficient evidence to support the finding of guilt under Idaho Code section 18-920(2), and because the magistrate court's finding of a probation violation was based solely on his admission, he could not have violated his probation.

This Court will uphold a finding of a probation violation "if there is substantial evidence in the record to support the finding." *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009). We will uphold a ruling of the trial court when it is capable of being upheld on any

5

theory, even if not raised by the parties. *See Consol. AG of Curry, Inc., v. Rangen, Inc.*, 128 Idaho 228, 231, 912 P.2d 115, 118 (1996). "Ordinarily, a plea of guilty, if voluntarily and knowingly made, is conclusive as to the defendant's guilt and waives all non-jurisdictional defects in prior proceedings against the defendant." *State v. Manzanares*, 152 Idaho 410, 420, 272 P.3d 382, 392 (2012) (quoting *State v. Hosey*, 134 Idaho 883, 889, 11 P.3d 1101, 1107 (2000)). A plea of guilty is a "judicial admission of all facts charged" and is "conclusive as to guilt," meaning the prosecution need not come forward with evidence. *State v. Tipton*, 99 Idaho 670, 673, 587 P.2d 305, 308 (1978). Likewise, a defendant's admission to having violated the terms and conditions of probation constitutes substantial evidence upon which a trial court may rely in finding the existence of a probation violation. *State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). Our conclusion is consistent with I.C.R. 33(e), which provides that "[t]he court shall not revoke probation unless *there is an admission by the defendant* or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation." (emphasis added).

Here, the following exchange took place at the hearing on the State's motion regarding the probation violation:

> THE COURT: The Court had advised Mr. Herren of his rights and the possible consequences . . . Mr. Bengeochea, is Mr. Herren prepared to enter an admission that he violated the probation?
> MR. BENGOECHEA [Counsel for Herren]: Yes, Your Honor.
> THE COURT: Mr. Herren . . . to the allegation that you violated your probation by committing a new crime, specifically violation of the no-contact order while on probation, you can admit or deny that allegation.
> THE DEFENDANT [Herren]: I admit.
> THE COURT: Is it true that you were found guilty by a court of violation of the no-contact order?
> THE DEFENDANT: Yes, it is.
> THE COURT: I'll accept the admission.

Herren explicitly admitted to violating his probation. This admission was substantial evidence to support a finding of a probation violation and is conclusive. For this reason, we affirm the order of the district court affirming the magistrate court's order revoking Herren's withheld judgment.

## IV. CONCLUSION

6

We reverse the order of the district court affirming the magistrate court's judgment of conviction for violation of a no contact order. We affirm the order of the district court affirming the magistrate court's order revoking Herren's withheld judgment.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES, **CONCUR**.