**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42557**

| | | |
|---|---|---|
| **LAWRENCE JAMES CROW,** | ) | **2016 Opinion No. 25** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 25, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Lawrence James Crow, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Lawrence James Crow appeals from the district court's judgment denying relief on Crow's petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Crow was charged with attempted first degree murder, I.C. §§ 18-4001, 18-4002, 18-4003(a), 18-4004 and 18-306; domestic battery involving traumatic injury in the presence of children, I.C. §§ 18-918(2)(a) and (b) and 18-918(4); use of a firearm in the commission of a felony, I.C. § 19-2520; and infliction of great bodily injury, I.C. § 19-2520B. Crow entered an *Alford*[1] plea to attempted first degree murder and the state agreed to dismiss the remaining

_____

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

charges and enhancements. The district court sentenced Crow to a unified term of fifteen years, with a minimum period of confinement of nine years. The district court also imposed a fine of $5000 pursuant to I.C. § 19-5307.[2] Crow filed an I.C.R. 35 motion for reduction of his sentence, which was denied by the district court. On appeal, Crow argued that the $5000 fine was not lawful, that his sentence was excessive, and that the district court erred by denying his I.C.R. 35 motion. In an unpublished opinion, this Court reduced the fine to $2500, the maximum lawful amount, and otherwise affirmed Crow's sentence and the denial of his I.C.R. 35 motion. *State v. Crow*, Docket No. 40073 (Ct. App. Dec. 31, 2013).

On April 5, 2013, Crow filed a pro se petition for post-conviction relief. After appointing counsel for Crow, the district court stayed the post-conviction case pending completion of the direct appeal. After the remittitur was filed in the appeal, the district court held an evidentiary hearing on Crow's post-conviction claims and denied Crow's petition. Crow appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439,

---

[2] Idaho Code Section 19-5307 provides that, for certain crimes of violence, the sentencing court may impose (in addition to other penalties) a fine of up to $5000 which operates as a civil judgment on behalf of the victim against the defendant. In the event of an attempted crime, the maximum fine is $2500. I.C. § 18-306.

440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

The United States Supreme Court, addressing the issue of counsel's advice prior to a defendant's decision to plead guilty, has stated:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? . . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
>
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson*, 397 U.S. 759, 769-70 (1970). *See also Dunlap v. State*, 141 Idaho 50, 60-61, 106 P.3d 376, 386-87 (2004).

## III.

## ANALYSIS

The issues identified in Crow's pro se brief are summarized as follows: Crow argues that his sentence was unlawfully enhanced for use of a firearm, that he was sentenced for a crime which does not exist, that his plea was not knowing and voluntary and was coerced, that the charging document overcharged him, and that his counsel was ineffective.

With the exception of his claims of ineffective assistance of counsel, all of Crow's claims could have been raised on direct appeal but were not. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). Therefore, we address Crow's claims only in the context of his claims of ineffective assistance of counsel.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the case would have been different. *Id.* at 761, 760 P.2d at 1177.

**A. Sentence Enhancement for Use of a Firearm**

Crow argues that his sentence was unlawfully enhanced for the use of a firearm.[3] Idaho Code Section 19-2520 provides for an enhanced penalty when a firearm is used in the commission or attempted commission of a murder. However, Crow's sentence was not enhanced pursuant to I.C. § 19-2520 because that enhancement was dismissed as part of Crow's plea agreement. Therefore, to the extent Crow asserts that his counsel was ineffective for either not objecting to the enhancement or otherwise allowing his sentence to be enhanced, this claim has no merit and Crow has shown no error in the district court's denial of this claim.

**B. Attempted First Degree Murder**

Crow argues that the crime to which he pled guilty, attempted first degree murder, does not exist in Idaho. It appears that Crow may have conflated attempted felony murder with attempted first degree murder. Crow relies on *State v. Wood*, 125 Idaho 911, 876 P.2d 1352 (1994) and *State v. Pratt*, 125 Idaho 594, 873 P.2d 848 (1994). Crow's reliance on those cases is misplaced. Idaho's felony murder statute, I.C. § 18-4003(d), provides:

> Any murder committed in the perpetration of, or attempt to perpetrate, aggravated battery upon a child under twelve (12) years of age, arson, rape, robbery, burglary, kidnaping or mayhem, or an act of terrorism, as defined in section 18-8102, Idaho Code, or the use of a weapon of mass destruction, biological weapon or chemical weapon, is murder of the first degree.

It is true that attempted felony murder is not a crime in Idaho. In order to commit felony murder, the defendant need not have had the specific intent to kill. Rather, the defendant must have had the specific intent to commit the predicate felony. *State v. Dunlap*, 155 Idaho 345, 364, 313 P.3d 1, 20 (2013). The Idaho Supreme Court has held that attempted felony murder is not a crime in Idaho. *Pratt*, 125 Idaho at 601, 873 P.2d at 855. The Court, following its holding in *Pratt*, set aside a conviction for attempted felony murder, but specifically left intact a conviction based upon a guilty plea to attempted first degree murder. *Wood*, 125 Idaho at 917, 876 P.2d at 1358. In this instant case, the district court went to great lengths in an effort to explain felony murder, in lay terms, to Crow. The district court correctly stated: "You can't attempt to commit a felony and not kill anybody and be charged with attempted felony murder." To that, we simply

---

[3] This argument may also relate to Crow's claim that the substantive charge to which he pled guilty was not a crime and we address this below.

add in layman's terms that, if you attempt to commit a willful, deliberate and premeditated murder with malice aforethought, you can be charged with attempted first degree murder. I.C. §§ 18-4003(a) and 18-306. Crow's claim that the crime of attempted first degree murder does not exist in Idaho has no merit. To the extent that Crow claims that he was actually charged with and pled guilty to attempted felony murder, the record does not support that claim. Crow apparently believes that, because he was initially charged with both attempted first degree murder and domestic battery involving trauma in the presence of children (a felony), the attempted murder charge was, necessarily, a charge of felony murder. However, although he was, at one time, charged with another felony is of no consequence.

Crow also argues that the charge to which he actually pled guilty, attempted first degree murder, is not a crime. Referring to the statutory element requiring a deliberate killing, he argues that "a person cannot attempt to deliberate." This claim is not supported by authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). In any event, the claim has no merit.

Crow's claim that his trial counsel was ineffective for allowing him to plead guilty to a nonexistent crime fails. Crow has shown no error in the district court's denial of any of his claims which were dependent upon his argument that the crime of attempted first degree murder does not exist in Idaho or that he actually pled guilty to felony murder. Accordingly, the district court did not err in denying Crow relief on his petition for post-conviction relief.

## C.     Coerced or Involuntary Plea

Crow testified that, early in the proceedings, the attorney who was then representing Crow told him that the maximum penalty for the crimes with which he was charged was death. He testified that this erroneous information was given in connection with his attorney's advice that Crow waive his right to a preliminary hearing and that his decision to waive his preliminary hearing was, therefore, not voluntary and knowing. No evidence was offered to contradict Crow's testimony that his prior counsel told him he faced the death penalty. The district court ruled that Crow's guilty plea waived all nonjurisdictional defects and denied relief on that claim. *See State v. Herren*, 157 Idaho 722, 727, 339 P.3d 1126, 1131 (2014) (ordinarily a voluntary and knowing plea of guilty waives all nonjurisdictional defects in prior proceedings). Crow does not challenge that decision. However, Crow asserts that his counsel's advice early in the

6

proceedings that he faced the death penalty rendered his guilty plea involuntary.[4] Crow failed to present any argument or evidence to show that there was a reasonable probability that, but for counsel's (presumed) error, he would not have pled guilty and would have insisted on going to trial. Accordingly, the district court did not err in its implicit denial of this claim.

Crow also argues that his guilty plea was coerced because the charges against him (including the enhancements) were "the same charges both arising out of the same criminal conduct." He argues that his counsel was ineffective for not challenging the information as duplicative and that the multiple charges were a form of coercion which caused him to plead guilty. In his words, he pled guilty, on his attorney's advice, to attempted murder "for the dismissal of the two enhancements when there should not have been two enhancements." The domestic battery charge was voluntarily dismissed by the prosecutor more than eleven months before Crow pled guilty and could not have formed the basis for Crow's claim of coercion. Both enhancement charges (I.C. §§ 19-2520 and 19-2520B) were dismissed after Crow pled guilty pursuant to the plea agreement.[5]

In its ruling, the district court made reference to I.C. § 19-2520E, which prohibits multiple enhancements for two or more charges arising from the same indivisible course of conduct, but noted that Crow was only faced with one substantive charge. The district court held that I.C. § 19-2520E was inapplicable to Crow's case. Without explanation, the district court stated that, if Crow had been convicted of both enhancements, the district court "would have had to make a decision on how to apply only one of them." The district court ultimately ruled:

> As I've indicated the charges were properly asserted, and as long as they're properly asserted they can charge all the crimes they feel are appropriate. And so it was simply a decision for you to make whether you were going to roll the dice and face the penalties that you had been informed of or to make the guilty plea.

---

[4] The record discloses that the presumed erroneous advice was allegedly given many months before the guilty plea and Crow was advised of the correct maximum penalty for attempted first degree murder prior to his guilty plea.

[5] The enhancement under I.C. § 19-2025B was charged in connection with the domestic battery charge which was dismissed months earlier. As the district court noted, if the state had intended to proceed with the I.C. § 19-2520B enhancement, an amendment would have been necessary to reflect that the enhancement related to the attempted first degree murder charge.

This was an implicit finding that counsel's advice (that Crow's sentence was subject to both enhancements) was correct.

Where a defendant is represented by counsel during the plea process and enters a plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Dunlap*, 141 Idaho at 60, 106 P.3d at 386. Specifically, a guilty plea is only valid where the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Id.* The Idaho Supreme Court decided, as a matter of first impression, that when a statute unambiguously sets forth a particular penalty, an attorney has a duty to provide correct advice regarding such penalty. *Booth v. State*, 151 Idaho 612, 618, 262 P.3d 255, 261 (2011). The facts in *Booth* are instructive. Booth was charged with first degree murder and the state elected not to seek the death penalty. Prior to trial, the prosecutor informed defense counsel that he intended to submit a motion requesting a verdict form instructing the jury that (if it found Booth guilty of first degree murder) it must find whether there was a statutory aggravating circumstance. It was defense counsel's belief (a belief shared by the prosecutor and, perhaps, the trial court) that a finding of aggravated circumstances, even when the state did not seek the death penalty, would subject Booth to a mandatory life sentence. Defense counsel then advised Booth to consider pleading guilty to first degree murder in exchange for the prosecutor agreeing not to assert aggravated circumstances. Booth pled guilty following counsel's advice. As the Supreme Court noted, I.C. § 18-4004 provides that, in cases where the state chooses not to seek the death penalty, the trial court is required to impose an indeterminate life sentence, with a minimum period of confinement of at least ten years. The Court held that an attorney engages in deficient performance by rendering advice about potential penalties during the plea process that is inconsistent with the plain and unambiguous language of the statute. *Booth*, 151 Idaho at 619, 262 P.3d at 262.

Here, defense counsel's advice regarding I.C. § 19-2520 was correct. Section 19-2520 unambiguously provides for an extended sentence for any person convicted of murder who "displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime." By the terms of the statute, the enhancement applies even where the use of a firearm is an element of the offense. Thus, had Crow decided to

go to trial and been found guilty of attempted first degree murder with the use of a firearm, his sentence could have been extended by fifteen years.

Idaho Code Section 19-2520B provides for an extended sentence for any person who inflicts great bodily injury where the injury was intended or the act causing the injury was done with reckless disregard for the safety of another person in the commission or attempted commission of a felony. However, unlike I.C. § 19-2520, the statute provides that if great bodily injury is an element of the offense for which the defendant is found guilty, the enhanced penalty may not be imposed. Furthermore, the term "great bodily injury" need not actually be set forth in the statute as an element of the crime nor is it necessary for it to appear in the indictment or jury instructions. *State v. Elison*, 135 Idaho 546, 552-53, 21 P.3d 483, 489-90 (2001). In *Elison*, in the context of an involuntary manslaughter case, our Supreme Court held that, because the death of the victim in that case could not have been produced without inflicting great bodily injury, it "would be incongruous to hold that serious bodily injury is not an element of involuntary manslaughter." *Id*. at 553, 21 P.3d at 490. The same reasoning applies to first degree murder because death is an element of that crime. It does not necessarily follow, however, that *attempted* first degree murder is not subject to the I.C. § 19-2520B enhancement. This is so because, by the plain terms of the statute, the sentence for an attempted first degree murder which results in great bodily injury is subject to the enhancement unless great bodily injury (or death) is an element of the crime for which the person was convicted. An attempt to commit a crime occurs when a defendant attempts to commit the crime but fails or is prevented from committing the crime. I.C § 18-306. Neither death nor serious bodily injury are elements of attempted first degree murder. According to the plain language of the statute, Crow's sentence for attempted first degree murder could have been subject to the I.C. § 19-2520B enhancement.

Because the crime of attempted first degree murder could have been subject to both sentencing enhancements,[6] counsel did not engage in deficient performance by advising Crow

---

[6]     We recognize that it may seem inconsistent to allow an enhancement for an attempt to commit murder when it could not have been allowed had the crime been completed. On the other hand, one can commit the crime of attempted first degree murder without causing bodily injury and it is entirely consistent to provide for an increased penalty when the crime does, in

prior to his guilty plea that his sentence could have been enhanced by up to thirty-five years. Thus, the district court did not err in denying Crow's petition for post-conviction relief.

**D.      Duplicative Charges**

Crow argues that the two substantive charges, attempted first degree murder and domestic battery involving traumatic injury in the presence of children, were duplicative because they both arose from the same conduct and "would have been a lesser included offense of each other." This claim appears to be asserted as an additional claim of coercion in connection with Crow's guilty plea. Crow presented no evidence or testimony that the two substantive charges (as opposed to the two sentencing enhancements) resulted in a coerced plea. Accordingly, Crow failed to meet his burden of proof on the issue of counsel's deficient performance or resulting prejudice on this issue. Thus, the district court did not err in denying Crow's petition for post-conviction relief.

**E.      Other Ineffective Assistance of Counsel Claims**

Crow argues that his attorney did not file an appeal from the civil judgment entered against him. Presumably, Crow refers to the fine originally imposed in the amount of $5000 pursuant to I.C. § 19-5307 which operates as a civil judgment on behalf of the victim against the defendant. An appeal was filed and the fine was reduced by this Court to $2500. This claim is not supported by the record. To the extent that the district court implicitly denied this claim, Crow has shown no error.

Crow also claims that his counsel was ineffective because Crow was not permitted to testify at a hearing held on his I.C.R. 35 motion, but Crow did not support this claim with any evidence. In any event, such motions are ordinarily decided without testimony unless otherwise ordered by the court. The district court commented on this claim, noting that "this court does not take testimony, evidence set for a Rule 35. If there's any new evidence, it's presented through affidavit form." Thus, the district court implicitly ruled that Crow's motion to testify at the

---

fact, result in bodily injury. We recognize, too, that I.C. § 19-2520E evinces a legislative policy against the imposition of multiple enhanced sentences "where the crimes arose out of the same indivisible course of conduct" but that statute, by its plain terms, only applies where there is a conviction for two or more crimes. These are matters best addressed by the legislature, not this Court.

I.C.R. 35 hearing would not have been successful. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Boman*, 129 Idaho at 526, 927 P.2d at 916.

Crow argues that his attorney was ineffective for failing to inform him of a lesser included offense, but he has neither alleged nor proven that, but for counsel's error, he would not have pled guilty. Therefore, he has not met his burden as to the prejudice alleged deficiency, and the district court did not err in denying post-conviction relief.

## IV.
## CONCLUSION

Crow has not shown that his sentence was unlawfully enhanced for the use of a firearm because the enhancement was dismissed. Crow also failed to show that his trial counsel was ineffective for allowing him to plead guilty to a nonexistent crime--first degree murder is a crime in Idaho. Crow has not shown that his trial counsel's performance was deficient when counsel advised Crow, prior to his guilty plea, that his sentence could have been enhanced by up to thirty-five years. Crow has not met his burden of showing that his charges were duplicative. Thus, Crow has not shown that the district court erred in denying his petition for post-conviction relief. Accordingly, we affirm the judgment. No costs or attorney fees are awarded on appeal.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

11